UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHANIE OSBELT,

                              Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                             14-CV-6031L

                            v.

CAROLYN COLVIN ACTING COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

                              Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

      On February 15, 2011, plaintiff filed applications for disability insurance and Supplemental Security Income ("SSI") benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since May 1, 2010. (T. 176-90, 207). Her application was initially denied. Plaintiff requested a hearing, which was held on July 3, 2012 before Administrative Law Judge ("ALJ") Lawrence Levey. (T. 24-49, 157-62). The ALJ issued a decision on July 13, 2012, concluding that plaintiff was not disabled under the Social Security Act. (T. 10-19). That decision became the final decision of the Commissioner when the Appeals Council denied review

on November 27, 2013. (T. 6). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #13), and the Commissioner has cross moved (Dkt. #16) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, he then examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does so, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). If the claimant's RFC permits her to perform relevant jobs she has done in the past, she is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999), quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986). *See also* 20 CFR §404.1560(c).

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is

supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting* *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Nonetheless, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Levey's decision recites detailed findings of fact and recites the bases upon which they rest. Upon careful review of the complete record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ summarized plaintiff's medical records, particularly with respect to right arm pain, peripheral neuropathy, headaches, affective disorder, anxiety disorder, possible borderline intellectual functioning, and attention deficit disorder, which he determined together constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's conclusion that plaintiff, then a thirty-eight year old woman with a high school education (G.E.D.) and past employment as an assistant manager, manager trainee, cashier,

daycare worker, counter clerk and cashier, was not totally disabled, due to the ALJ's finding at step five that a position existed in the economy that plaintiff could perform: school bus monitor.

### I.     Plaintiff's Exertional Limitations

In determining plaintiff's RFC, the ALJ considered the medical record with regard to plaintiff's exertional limitations, which included treatment notes concerning a right radial nerve injury, peripheral neuropathy, and headaches, and objective tests reflecting a mild decrease in grip strength. Based on this evidence, the ALJ determined that plaintiff retained the RFC to light work, but with a limitation to only occasional and non-repetitive use of her dominant right arm for gross and fine manipulation. I find that this determination is supported by the substantial evidence cited by the ALJ, and plaintiff does not appear to significantly dispute this portion of the ALJ's determination.

### II.    Plaintiff's Non-Exertional Limitations

In assessing plaintiff's non-exertional limitations, the ALJ explicitly applied what is generally referred to as the "special technique," prescribed for the evaluation of non-exertional impairments in adults at Steps 2 and 3 of the ALJ's analysis. The special technique requires an ALJ to assess four categories of functionality: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decomposition." 20 C.F.R. §§404.1520a(c)(3), 416.920a(c)(3). Impairment in the first three categories must be ranked as none, mild, moderate, marked or extreme, and the number of episodes of decomposition must be ranked as none, one, two, or "three or more." The ALJ must document his analysis of the process in order to "reflect application of the technique, and . . . must include a specific finding as to the

degree of limitation in each of the functional areas." *Kohler v. Astrue*, 546 F.3d 260, 266 (2d Cir. 2008) (internal quotations omitted). A finding of "mild" or less in the first three categories, coupled with a finding of "none" in the final category and the absence of contrary evidence, directs the conclusion that a claimant's mental impairment is *not* severe. 20 C.F.R. §404.1520a(d)(1). If the finding indicates a greater degree of limitation, the claimant will be deemed to have a severe mental impairment, and if that impairment neither meets nor equals a listed impairment, the ALJ will proceed to determine the claimant's RFC with regard to non-exertional limitations. 20 C.F.R. §404.1520a(d)(3).

Applying the special technique, the ALJ determined that plaintiff was mildly restricted in activities of daily living, had moderate difficulties in social functioning, experienced moderate difficulties in concentration, persistence or pace, and had experienced no episodes of decompensation. (T. 14). Concluding that plaintiff's severe mental impairment did not meet or equal a listed impairment, the ALJ proceeded to Step 4 of the analysis, the determination of plaintiff's RFC, and based on consideration of plaintiff's treatment records, opined that plaintiff had the RFC to perform work with the following nonexertional limitations: limitation to simple, routine and repetitive tasks, in a work environment free of fast-paced production requirements, involving only simple work-related decisions, with few if any changes in the workplace, gradual introduction of any workplace changes, and no more than occasional interpersonal interaction with the public, coworkers and supervisors. (T. 14).

Initially, Plaintiff contends that the ALJ's RFC findings with regard to her nonexertional limitations are not supported by substantial evidence, and thus formed an inaccurate basis upon which the vocational expert could testify. Specifically, plaintiff claims that her medical records establish a consistent history of depression, anxiety, forgetfulness, loss of focus, and cognitive

impairment which together should be interpreted to present more than "moderate" difficulties in one or more of the non-exertional functionality areas.  Indeed, plaintiff argues that the mere fact that her physicians believed her complaints and treated her for depression and other issues implies that her instant claim of "more than moderate" limitations should be fully credited.  (Dkt. #13-1, Plaintiff's Memorandum of Law at 20-21, "[a]ll her health care providers and examiners found a credible basis for treatment, or they are all committing professional misconduct").  However, plaintiff's contention that the ALJ erred in characterizing her non-exertional limitations as mild to moderate is wholly conclusory, and plaintiff fails to identify any evidence of record, including in plaintiff's own testimony, which would indicate non-exertional limitations beyond those levels.

Plaintiff also faults the ALJ for failing to give controlling weight to the opinions of treating internist Dr. Bernadette Minnella, and examining clinical psychologist Dr. Tara Russow. Initially, Dr. Russow had no ongoing treatment relationship with plaintiff, and as such, the ALJ was under no obligation to afford her opinion controlling weight.  Moreover, Dr. Russow's neuropsychological report is generally consistent with the RFC as determined by the ALJ.  *See* T. 609-615 (finding borderline intellectual functioning, "mild to moderate" brain dysfunction and "mild to moderate" impairment in attention, language, memory, spatial and executive functions). Although Dr. Minnella wrote a letter in support of plaintiff's application for benefits which concluded that "she is unable to work in any significant capacity given ongoing emotional and physical limitations," (T. 414) she does not specify the nature of such limitations, or describe how they would render plaintiff incapable of work.  Dr. Minnella's opinion is unsupported by plaintiff's treatment records, which do not reflect any particular, significant limitation in her physical or mental functioning beyond those for which the ALJ accounted in determining plaintiff's RFC.  *See Snell v. Apfel*, 177 F.3d 128, 133 (2d. Cir. 1999) ("[a] treating physician's

statement that the claimant is disabled cannot itself be determinative"). In any event, to the extent that Dr. Russow and/or Dr. Minnella expressed conclusory opinions concerning the ultimate issue of disability, that matter is unquestionably "reserved for the Commissioner." *Taylor v. Barnhart*, 83 Fed. Appx. 347 at 349 (2d Cir. 2003) (treating physician's opinion that claimant is "temporarily totally disabled" is entitled to no weight, because the ultimate issue is reserved solely for the Commissioner)(citing 20 C.F.R. §404.1527(e)(1)) (unpublished opinion).

I have considered the rest of plaintiff's claims, and I find that overall, the record simply does not support plaintiff's claim of total disability: I concur with the ALJ and conclude that there is substantial evidence to support his determination of plaintiff's residual functional capacity. There is no dispute that the position identified by the vocational expert at the plaintiff's hearing – school bus monitor – is consistent with this RFC, as well as with plaintiff's age, educational background and past work experience. As such, I find no reason to modify the ALJ's decision.

## CONCLUSION

The Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is granted, and plaintiff's motion for judgment on the pleadings (Dkt. #13) is denied. The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 14, 2015